UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN RODEN,[1]

    *Plaintiff,*

v.

TIMOTHY MOREY, JOEL
SALINAS, FREDEANE ARTIS,
and DANIEL CASTILLA,

    *Defendants.*
_____/

CASE NO. 4:19-cv-11963
DISTRICT JUDGE MATTHEW F. LEITMAN
MAGISTRATE JUDGE PATRICIA T. MORRIS

# REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 26)

## I. RECOMMENDATION

For the following reasons, **I RECOMMEND** that Defendants' motion for summary judgment (ECF No. 26) be **GRANTED**.

## II. REPORT

### A. Background

On July 1, 2019, Plaintiff Sean Roden, a Michigan Department of Corrections ("MDOC") prisoner housed at the G. Robert Cotton Facility ("JCF") in Jackson,

---

[1] Plaintiff identifies as a female named Shannon; therefore, this Report will also use that name and gender identification.

1

Michigan at the time of suit, filed suit in this Court, alleging violations of his First and Fourteenth Amendment rights under 42 U.S.C. § 1983.

Plaintiff's Complaint contains the following factual allegations. On December 28, 2015, Defendant Castilla "arbitrarily searched Plaintiff Shannon Roden's cell." (ECF No. 1, PageID.2.) The next day, Castilla told Plaintiff that if she complained, she would be moved to a different unit. On February 5, 2016, Plaintiff complained orally to Theresa Kik about Defendants Castilla and Morey harassing her. (*Id*.) On March 21, 2016, Plaintiff lodged a written Prison Rape Elimination Act (PREA) complaint against Defendant Castilla. (*Id.* at PageID.3.) On April 16, 2016, Defendants Castilla and Morey began conspiring to fabricate a misconduct against Plaintiff. On April 18, 2016, Defendant Salinas "refused to prepare Plaintiff Roden's Investigation as Plaintiff presented it." (*Id.*) On April 19, 2016, Plaintiff filed a grievance against Defendant Salinas. On April 26, 2016, Defendant Salinas "threatened Plaintiff Roden with a retaliatory transfer for complaining against Defendant Salinas, Castilla, and Morey." (*Id*.)  On April 28, Defendant Artis "told Plaintiff that Defendant's staff were not the problem and that she was having Plaintiff Roden 'rode out to solve the problem.'" (*Id*.) On May 2, 2016, Plaintiff "received a findings and action report regarding the PREA Complaint on Defendant Castilla, then Plaintiff was sent to her cell to pack up for transfer to Kinross Correctional Facility." (*Id*.) On Amy 4, 2016, "Plaintiff was found guilty of the

misconduct Defendants Castilla and Morey conspired to fabricate." (*Id.* at PageID.4.) On May 6, 2016, "Plaintiff received her property, only to find her guitar was missing a string, and her typewriter's paper shield and key cover were loose, and it no longer operated." (*Id.*).

Plaintiff brings a First Amendment retaliation claim against Castilla and Morey for "conspiring together and fabricating a class-one (1) misconduct report against Plaintiff in retaliation for Plaintiff's complaints earlier lodged against Defendants." (ECF No. 1, PageID.4.) She also brings a claim for violation of First Amendment right against all Defendants for "conspiring together to have Plaintiff transferred to the Upper Peninsula in retaliation for all of Plaintiff's complaints and grievances lodged against Defendants Castilla, Morey, and Salinas." (*Id.*) Finally, Plaintiff brings a Fourteenth Amendment Due Process claim against Defendant Salinas for "willfully and deliberately refusing to comply with Plaintiff's requested defense of class-one (1) misconduct, which ultimately resulted in Plaintiff being found guilty and receiving additional time added to her sentence." (*Id.*)

Plaintiff requests monetary damages in the form of compensatory and punitive damages, recovery of costs, and any additional relief the court finds to be proper. (ECF No. 1, PageID.5.)

**B.    Summary Judgment Standard**

3

A court will grant a party's motion for summary judgment when the movant shows that "no genuine dispute as to any material fact" exists. Fed. R. Civ. P. 56(a). In reviewing the motion, the court must view all facts and inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party bears "the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting *Celotex Corp. v. Cartrett*, 477 U.S. 317, 323 (1986)) (internal quotation marks omitted). In making its determination, a court may consider the plausibility of the movant's evidence. *Matsushita*, 475 U.S. at 587-88. Summary judgment is also proper when the moving party shows that the non-moving party cannot meet its burden of proof. *Celotex*, 477 U.S. at 325.

The non-moving party cannot merely rest on the pleadings in response to a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). The non-movant cannot withhold evidence until trial or rely on speculative possibilities that material issues of fact will appear later. 10B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2739 (3d ed. 1998). "[T]o

4

withstand a properly supported motion for summary judgment, the non-moving party must identify specific facts and affirmative evidence that contradict those offered by the moving party." *Cosmas v. Am. Express Centurion Bank*, 757 F. Supp. 2d 489, 492 (D. N.J. 2010). In doing so, the non-moving party cannot simply assert that the other side's evidence lacks credibility. *Id.* at 493. And while a pro se party's arguments are entitled to liberal construction, "this liberal standard does not ... 'relieve [the party] of his duty to meet the requirements necessary to defeat a motion for summary judgment.'" *Veloz v. New York*, 339 F. Supp. 2d 505, 513 (S.D.N.Y. 2004) (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)). "[A] pro se party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D. N.Y. 1995) (quoting *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

After examining the evidence designated by the parties, the court then determines "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248.

C.   ANALYSIS

**1. Plaintiff's retaliation claim based on the misconduct report**

Plaintiff brings a First Amendment retaliation claim against Castilla and Morey for "conspiring together and fabricating a class-one (1) misconduct report against Plaintiff in retaliation for Plaintiff's complaints earlier lodged against Defendants." (ECF No. 1, PageID.4.)

In *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999), the Sixth Circuit held that a retaliation claim has three elements: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two-that is, the adverse action was motivated at least in part by the plaintiff's protected conduct."

Defendants argue that Plaintiff cannot establish the causation element of this claim "because, as was determined at Roden's misconduct hearing, Roden engaged in sexual misconduct." (ECF No. 26, PageID.99.) Plaintiff's complaint attaches the hearing officer's decision, summarizing the Plaintiff's testimony, the testimony of other witnesses, video and other evidence viewed by the hearing officer. (ECF No. 1, PageID.18-20.) Plaintiff has not responded to the summary judgment motion.

"[W]here an inmate alleges that a prison official falsely charged him with a misconduct violation for retaliatory purposes, the prison official is entitled to relief

6

[on summary judgment] if the prisoner was found guilty of the misconduct violation." *Vaughn v. Robb*, No. 1:11 CV 323, 2012 WL 769481, at *3 (W.D. Mich. Feb. 17, 2012) (citing *Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005) (where prisoner found guilty of the allegedly retaliatory misconduct violation, such "essentially checkmates a retaliation claim.")); *accord Green v. Messer*, No. 12-12319, 2013 WL 4833968, at *2 (E.D. Mich. Sept. 11, 2013). I therefore suggest that Defendants are entitled to summary judgment on this claim.

## 2. Plaintiff's retaliation claim based on prison transfer

Plaintiff also brings a claim for violation of First Amendment right against all Defendants for "conspiring together to have Plaintiff transferred to the Upper Peninsula in retaliation for all of Plaintiff's complaints and grievances lodged against Defendants Castilla, Morey, and Salinas." (ECF No. 1, PageID.4.) Defendants argue that the transfer was not adverse action. Plaintiff has not filed a response to the motion.

Plaintiff was transferred from one level II facility to another level II facility, G. Robert Cotton Facility ("JCF") to Kinross Correctional Facility ("KCF"). "[W]here a prisoner is transferred between prisons at the same security level, such a transfer is not usually considered adverse." *Bills v. Klee*, No. 15-cv-11414, 2022 WL 882162, at *3 (E.D. Mich. Mar. 24, 2022) (citing *Ward v. Dyke*, 58 F.3d 271, 275 (6th Cir. 1995)). Although there may be an exceptional circumstance where a plaintiff could

7

claim that a same security level transfer was adverse because it caused a reasonably foreseeable negative consequence, Plaintiff has not identified any cognizable negative consequence of constitutional magnitude. The most Plaintiff implies is that being transferred to the upper peninsula of Michigan is an adverse action because the facility is farther away from family and friends who live in the lower peninsula. However, this alone is insufficient to be considered adverse. *Bills, supra*. Accordingly, I suggest that this claim must fail.

### 3. Plaintiff's Due Process claim based on the misconduct hearing

Plaintiff brings a Fourteenth Amendment Due Process claim against Defendant Salinas for his "willfully and deliberately refusing to comply with Plaintiff's requested defense of class-one (1) misconduct, which ultimately resulted in Plaintiff being found guilty and receiving additional time added to her sentence." (ECF No. 1, PageID.4.) Defendants contend that Plaintiff's claim does not implicate the due process clause because he failed to identify a protected liberty interest and even if he identified a liberty interest, he received all the process to which he was entitled. (ECF No. 26, PageID.111-12.) Plaintiff did not respond to the summary judgment motion.

"[I]t is well settled that the filing of false disciplinary charges against a prisoner does not constitute a constitutional violation redressable under § 1983 where there is a fair hearing on that charge." *Brown v. Barnes*, No. 5:16-cv-12362, 2018 WL

8

4926323, at *6 (E.D. Mich. June 25, 2018) (collecting cases). A prisoner's right to due process is satisfied if he or she is provided with: (1) written notice of the charges at least 24 hours before the hearing; (2) an opportunity to call witnesses and present documentary evidence; and (3) a written statement of the evidence relied on and the reasons for the disciplinary action. *Id*. (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974)). Although Plaintiff complains that the Defendant Salinas refused to comply with his requested defense, it is unclear exactly what that means. In any event, the hearing report shows that Plaintiff was able to put forth a defense theory that Defendant Morey was lying. (ECF No. 1, PageID.20.) In addition, although Plaintiff contends that the disposition included an addition of time on his sentence, the disposition was only for a loss of privileges for 30 days. (ECF No. 1, PageID.19.) The hearing officer's decision is detailed in findings and conclusions and shows that Plaintiff was given ample opportunities to put forth his case. Plaintiff testified, called a witness named Lemons who also denied that Plaintiff kissed him, the hearing officer continued the hearing to allow time to gather requested evidence such as a video, other photographic evidence, diagrams, statements, and other evidence which the hearing officer then viewed. (ECF No. 1, PageID.18-20.) I therefore find that Plaintiff's due process claim must fail.

### D. Conclusion

For these reasons, **I RECOMMEND** that Defendants' motion for summary judgment (ECF No. 26) be **GRANTED**.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains.

Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: April 26, 2023                                s/PATRICIA T. MORRIS
                                                    Patricia T. Morris
                                                    United States Magistrate Judge